## HEYMAN v. LOWELL et al.

WHEN the mortgagor sells the mortgaged property, after the execution of the mortgage, and before the commencement of a suit to foreclose, his grantees are necessary parties to the foreclosure suit. ·

If the real holders of the title are not parties to the decree of foreclosure, a Court of Equity will allow them to be made such by a supplemental complaint, provided application be made within a reasonable time; but more than five years after the entry of the decree is not a reasonable time.

APPEAL from the Twelfth Judicial District, City and County of San Francisco.

The facts are stated in the opinion of the Court.

*Harmon & Hartley,* for Appellant. ·

The Statute of Limitations cannot be successfully interposed as a bar, in any manner, to the granting to plaintiff the relief prayed for in his supplemental complaint. The present proceeding is not in any respect a new suit, or proceeding, but merely bringing into the old proceeding a new party. Where a former suit prevents the running of the statute, it does so upon the footing that the plaintiff has pursued his remedy within the time limited by it, and in such case, the second suit is connected with the first, which is regarded as the commencement of the action to be tried. In the case at bar, there was nothing held by plaintiff upon which the statute could operate, except the note and mortgage; of course, if no suit had been brought to enforce them within the statutory period, then their collection would be barred, and holders of the mortgaged property junior to the mortgagor, would obtain priority of title over him, by reason of the extinguishment of the debt upon which the mortgage was founded;—but in this case, no such state of facts exists. The note and mortgage have gone to judgment and decree, and that before they were outlawed, and there is nothing upon which the statute can operate. The theory upon which the application of the Statute of Limitations is made to such cases is, that the lapse of time raises a presumption of payment; but this presumption may be rebutted, and it is so rebutted, by a foreclosure. (5 Wend. 296.)

*John B. Felton*, for Respondent.

There is but a single question involved in this case. The respondent, Bromell, insists that the Statute of Limitations is a bar to any proceedings against her. This Court has already decided principles which guided the Court below, and certainly control completely the present case. *Boggs* v. *Hargrave* and *Goodenow* v. *Ewer*, following the great current of authorities, have held that the foreclosure of a mortgage is ineffectual and void to transfer the title, when the real holder of the title is not before the Court. In *Lord* v. *Morris*, it has held that a mortgage, being a mere lien upon land incident to a debt, is barred by the statute so soon as the debt which supports it is barred, and that the vendee of land incumbered by a mortgage may avail himself of the bar of the statute to defeat the mortgage, if his right to do so has attached only for a moment, even though the mortgagor attempt to renew the lien. The Court has also decided, in *Mason* v. *Cronise*, that a judgment, like any other debt or cause of action, is barred by the statute.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

This is an action to foreclose two mortgages. It was commenced on the fifteenth day of September, 1856, against the defendants, Lowell and wife, and a decree of foreclosure entered on the same day, under which the mortgaged premises were sold and purchased by the plaintiff. On the twenty-second day of March, 1862, he applied to the Court, upon affidavit, for leave to file a supplementary complaint, making several new parties of persons who had purchased a portion of the mortgaged premises of the mortgagors after the date of the mortgages, and prior to the commencement of the action. The Court granted leave to file the supplemental complaint, and it was filed accordingly, and the new parties subsequently moved to strike it from the files, which was denied, and one of them then filed a demurrer, on various grounds, one of which is the Statute of Limitations. The Court sustained the demurrer, and rendered a final judgment dismissing the supplemental complaint, from which the plaintiff appeals.

The plaintiff gives no reason or excuse why the vendees of the mortgagor were not made parties at the commencement of the action, or for the delay in filing the supplemental complaint. In the case of *Goodenow* v. *Ewer* (16 Cal. 470), this Court said: " Courts of Equity are ever ready to grant relief from sales made upon their decrees, where there has been irregularity in their proceedings rendering the title defective, as well when the purchaser or parties interested have been misled by a mistake of law as to the operation of the decree, as when they have been mislead by a mistake of fact as to the condition of the property or the estate sold, provided application be made within a reasonable time, and the relief sought will not operate to the prejudice of the just rights of others." The " reasonable time " for applying to the Court in such cases is at least within the time fixed by the Statute of Limitations for the commencement of actions of a like character —that is, for the foreclosure of the mortgage, after the judgment of foreclosure has been entered. Whether a less period ought not to be fixed in such cases is not necessary to determine; for in this case, more than five years elapsed after the rendition of the judgment and the sale of the property, before the application was made to file the supplemental complaint. This cannot with propriety be considered a " reasonable time," under the rule established in *Goodenow* v. *Ewer*.

The judgment is therefore affirmed.