## CRAWFORD v. HALSEY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF LOUISIANA.

Submitted February 2, 1888. — Decided February 20, 1888.

A member of a bankrupt partnership, purchasing of the assignee in bankruptcy a debt due the firm, takes only such rights as the assignee has, under the bankrupt laws, to contest the validity of a transfer of the debt as in violation of those laws.

THIS suit was brought on the 29th of July, 1876, by Henry Barnewell and William C. Gaynor, assignees in bankruptcy of Crawford, Walsh, Butt & Co., a mercantile firm doing business at Mobile, Alabama, composed of James Crawford, Charles Walsh, Cary W. Butt, Robert C. Crawford, and Charles Walsh, jr., against William F. Halsey, to recover $4118.55 and interest at the rate of eight per cent per annum from February 28, 1874, claimed to be due for moneys had and received for and on account of the bankrupts. The defence was that the firm had assigned the claim on the 3d of December, 1873, and that, to avoid litigation, it was, on the 12th of May, 1875, submitted by all parties, including the firm and the person to whom the claim had been transferred, to the arbitrament of certain persons, " with the powers of amicable compounders," who, on the 10th of June following, determined that there was nothing due from Halsey.

On the 27th of May, 1879, the assignees in bankruptcy sold the claim to Robert C. Crawford, one of the firm, and authorized him to prosecute the suit which had been begun. This assignment was filed in the cause April 20, 1880. The parties then went to trial, a jury having been waived, and on the 1st of May, 1880, a judgment was announced by the court in the following form: " The court, considering that an assignment was made by Crawford, Walsh, Butt & Co. to Parker & Son; that the matter was submitted to amicable compounders, who rendered their judgment for defendant, and the present plaintiff in interest (Robert Crawford, a member of the late firm of Crawford, Walsh, Butt & Co., bankrupts) cannot be heard to set up the invalidity of the transfer by said firm, it is ordered, adjudged, and decreed that this suit be dismissed with costs."

This judgment was duly entered on the minutes of the court, which were signed by the judge on the 5th of June, 1880, at the end of the term, but the judgment was not engrossed in the judgment book nor signed by the judge, as required by § 546 of the Code of Practice of Louisiana.

On the 1st of February, 1883, Crawford again appeared in court and entered a motion for a new trial on the following grounds: " That said judgment is contrary to the law and the

evidence, in that the court failed to give effect to the evidence showing an assignment of the claim sued on by the bankrupts within less than two months of the commencement of the proceedings in bankruptcy, and in that the court erred in holding that one of the discharged bankrupts, now subrogated herein, could not be heard to contest the validity of the said assignment of April 6, 1874."

This motion was denied, but on the 23d of June, 1883, the court filed its findings of facts in the case to the effect: 1. That Crawford, Walsh, Butt & Co., assigned the claim to G. M. Parker, December 3, 1873, and that Robert C. Crawford was then a member of the firm. 2. That on the 6th of April, 1874, the firm made another assignment of the claim to William Dunn, for the benefit of G. M. Parker & Son, Vass Ulmer & Co., and the Mobile and Ohio Railroad Company, in certain proportions. 3. That the petition in bankruptcy was filed June 3, 1874, and the adjudication had on the 12th of that month. 4. That Barnewell & Gaynor were appointed assignees, and after this suit was begun assigned the claim to Robert C. Crawford, one of the original partners.

At the end of this finding of facts appeared the following:

"That said assignments have been adduced in evidence, and it appearing by the facts above recited that the said Robert C. Crawford was now prosecuting this suit for his sole use and benefit, the court held and ruled, as matters of law, that he could not be heard to impeach the acts of assignment to which he was a party, on the ground of their being void, as against the creditors, and that the petition herein must be dismissed, and there must be judgment for defendant."

Thereupon the judgment as originally entered on the minutes was recorded in the judgment book and signed. To review the judgment thus rendered this writ of error was brought, the amount of the claim with interest added to the time of the judgment being more than five thousand dollars.

*Mr. E. M. Hudson* for plaintiff in error.

*Mr. Thomas L. Bayne* and *Mr. George Denegre* for defendant in error.

MR. CHIEF JUSTICE WAITE, after stating the case, delivered the opinion of the court.

Without undertaking to determine whether the court could properly entertain the motion for a new trial and file an additional finding of facts after the end of the term at which the judgment was entered, we decide that there is no error in the record as it now stands. The finding of the award of the amicable compounders, which appears both in the judgment as originally entered and in that finally recorded, must be taken as part of the findings of facts in the case; and the ruling of the court upon the right of Robert C. Crawford to contest the validity of the assignments must be taken in connection with the motion for a new trial which confined the objection to the assignment of April 7, 1874. As the court has found that there was an assignment to Parker as early as December 3, 1873, to which Robert C. Crawford as one of the partners was a party, and which was not within the prohibitions of the bankrupt law, it was clearly right to hold that he was not permitted to show that it was fraudulent as against his creditors. As to the assignment of April 7, which was within two months of the date of the commencement of the proceedings in bankruptcy, the case might have been different. But as an assignment had been made before which was valid both as against the assignees and Crawford himself, it was a matter of no importance that the one made afterwards was void under the bankrupt law. The rights of Crawford as purchaser of the claim were only those of the assignees in bankruptcy.

There can be no question here as to the fact of the assignment in December. That is settled by the finding of the court below, to the effect that "the claim on which the suit is brought" was assigned. This disposes of all that is said in the brief of counsel as to the fact that the coffee, out of which the claim arose, had not been sold at the date of that assignment. As the assignment was made more than two months before the bankruptcy proceedings, it was not necessary that the assignees should be parties to the submission to arbitration. The title to the claim at the time of the bankruptcy was in

Parker, and not in the bankrupts. Therefore nothing passed to the assignees, and there was nothing for them to submit.

*The judgment is affirmed.*