[Civ. No. 6219.   Third Appellate District.—December 28, 1939.]

W. S. TUTT, Appellant, v. CARRIE VAN VOAST, Respondent.

W. H. Brunner for Appellant.

H. L. Preston and Lilburn Gibson for Respondent.

PULLEN, P. J.—Antonio Barra and Marie Barra were the owners of real property upon which they executed a mortgage to Carrie Van Voast to secure the repayment of a $3,000 promissory note. Thereafter Antonio Barra and Marie Barra were divorced, and in the divorce decree an undivided 55 per cent in the property was set aside to Marie Barra and 45 per cent therein to Antonio Barra. Subsequently an action was brought by Marie Barra against her former husband, Antonio Barra, to collect certain moneys due her, and a writ of execution was levied upon the undivided 45 per cent interest of Barra; upon the sale thereof Mrs. Barra became the purchaser and received a sheriff's certificate to this undivided interest in the land. This certificate Mrs. Barra assigned to Keith C. Eversole, who, in due time, received a sheriff's deed to the 45 per cent interest. In the meantime after the assignment by Mrs. Barra to Eversole, but before the period of redemption had expired, Carrie Van Voast, the mortgagee, commenced an action to foreclose her mortgage, naming as parties defendant only Antonio Barra and Marie Barra, the original mortgagors.

The action was prosecuted to judgment and a decree of foreclosure was entered and the property sold to Carrie Van Voast, who bid the sum due on the note and mortgage as found by the judgment, together with costs of sale. A certificate of sale was then issued to the purchaser of the property. Thereafter, the time for redemption having expired in the action of *Marie Barra* v. *Antonio Barra*, a deed was issued to Keith C. Eversole for an undivided 45 per cent of the property, and still later, no redemption having been made in the foreclosure sale, a deed was issued to Carrie Van Voast. Eversole then conveyed his interest in the property to plain-

tiff herein, and this action was brought to partition the real property and for an accounting.

Upon the trial an interlocutory decree was entered in favor of plaintiff, that he have a decree partitioning the property as prayed for, provided that within a specified period he pay to defendant a sum equal to 45 per cent of the principal and interest upon defendant's mortgage, and that in default of such payment the action be dismissed. From this interlocutory judgment plaintiff prosecutes this appeal.

It is the contention of appellant that when respondent commenced and prosecuted to sale, and became the purchaser of the property at the foreclosure sale, without naming the predecessor of appellant as a party, that the lien of the mortgage was thereby extinguished, only to be revived by some proceeding in the original action. If that is true, appellant insists, the lien of respondent was satisfied and the undivided interest of Tutt was not affected by the decree of foreclosure and he remained the owner of his 45% interest free and clear of any mortgage lien and entitled to a partition of the property as any joint owner of real property.

Appellant claims this right by the rule found in *Goodenow* v. *Ewer*, 16 Cal. 461 [76 Am. Dec. 540], while respondent relies upon *Burns* v. *Hiatt*, 149 Cal. 617 [87 Pac. 196, 117 Am. St. Rep. 157], to sustain the judgment.

In the Goodenow case, Downer and Morris were the owners of a piece of improved real property in the city of Oroville, each owning an undivided one-half interest therein. Downer executed a mortgage upon his undivided one-half interest to Goodenow to secure repayment of a note for $2,000. Thereafter Downer and Morris conveyed an undivided one-third interest in the property to Ewer, whereby Downer, Morris and Ewer each became the owner of an undivided one-third interest, with one-sixth of the Ewer interest subject to the prior mortgage given by Downer to Goodenow, as well as the two-sixths interest retained by Downer.

In time, the note maturing and remaining unpaid, Goodenow, the mortgagee, foreclosed, making Downer the sole defendant. Thereafter a sale was had under the foreclosure and Goodenow became the purchaser, paying therefor the full amount of the judgment, and in due time received a sheriff's deed therefor. In the meantime and subsequent to the entry of the foreclosure decree Ewer became the purchaser of the

interest of Downer and Morris, thereby becoming the owner of the entire property, subject only to whatever lien of the mortgage and the judgment in the foreclosure suit might remain, and entered into possession of the property.

In an action for partition and accounting by Goodenow against Ewer, the court held that Ewer, the grantee of a one-sixth interest from Downer, not having been made a party in the foreclosure proceedings, was not affected by the foreclosure, and plaintiffs having bid the full amount of the mortgage, thus satisfying the judgment, it operated to discharge the one-sixth interest held by Ewer from the lien of the mortgage, and also that the court not having acquired jurisdiction to any other property than the interest held by Downer at the institution of the foreclosure proceedings, did not acquire jurisdiction as to any outstanding interest, and the plaintiff, as purchaser, acquired only the two-sixths interest of the defendant Downer, which he held at the institution of the action.

In *Burns* v. *Hiatt, supra,* plaintiff brought an action to quiet title to a lot in Woodland. The trial court held that plaintiff owned the property in fee, subject to the rights of the defendant Hiatt under a certain mortgage by George H. Jackson to the said G. W. Hiatt, and that Hiatt had no right or title in said premises, except such right as might be derived by Hiatt under a certain mortgage, and that the foreclosure of such mortgage instituted by Hiatt were, in so far as plaintiff was concerned, null and void.

The findings reveal that Jackson, while the owner of the property, borrowed from Hiatt the sum of $1,000, and as security for the payment thereof, gave to Hiatt a mortgage. Prior to foreclosure Jackson executed to Burns a deed to the property. Thereafter Hiatt foreclosed on the property, naming Jackson only as defendant and became the purchaser at the sheriff's sale for an amount less than the total sum due, leaving a small deficiency judgment, and in time received a deed therefor, and entered into actual and peaceful possession, claiming to own the whole thereof.

The court held that Burns not having been made a party to the foreclosure proceedings, his title to the mortgaged property was not affected, but nevertheless he was not entitled to a decree quieting title against the mortgagee, as he had purchased the property from the mortgagor and stood

therefore in the shoes of the mortgagor, and a proceeding in a foreclosure action to which he was not a party could not have the effect of divesting him of the mortgage lien nor investing him with any additional rights in the property.

If there is an irreconcilable conflict between the rule expressed in *Goodenow* v. *Ewer, supra,* and in *Burns* v. *Hiatt, supra,* we are inclined to follow *Burns* v. *Hiatt, supra,* not only because it is the later in time, but because the reasoning expressed is more convincing. We also find the rule in the Burns case followed in *Hurt* v. *Pico Investment Co.,* 127 Cal. App. 106 [15 Pac. (2d) 203], and *Bradbury* v. *Thomas,* 135 Cal. App. 435 [27 Pac. (2d) 402].

Appellant attempts to distinguish the two cases, pointing out that in the Goodenow case the defendant Ewer was the owner of the property, whereas in *Burns* v. *Hiatt, supra,* the foreclosure proceedings were against the original mortgagor, and Burns, his successor, was never made a party, and therefore no valid sale could have been made. It is also pointed out that in the case at bar there was a deficiency judgment entered, whereas in *Goodenow* v. *Ewer, supra,* the full amount under the mortgage was bid. We do not believe, however, that under the reasoning of the case of *Burns* v. *Hiatt, supra,* either fact is material.

The present case may perhaps be distinguished from that of *Goodenow* v. *Ewer, supra,* in that in the latter case Goodenow, the mortgagee purchaser, was plaintiff, whereas in the instant case Mr. Tutt, who acquired his interest from the mortgagor, is plaintiff, asking that the court grant him affirmative relief. ██ There is undoubtedly a difference between a right and a remedy, and one may have a legal right but still be unable to obtain relief because of equitable reasons. One of the requirements in an action in equity is that he who seeks equity must do equity, and must come into court with clean hands. As to Mr. Tutt, he is at least not offering to do equity. He has not paid the mortgage and it is still outstanding against his property, and until that mortgage has been discharged by payment or tender of payment he has no standing in a court of equity. (*Brandt* v. *Thompson,* 91 Cal. 458 [27 Pac. 763] ; *Booth* v. *Hoskins,* 75 Cal. 271, 276 [17 Pac. 225] ; *Spect* v. *Spect,* 88 Cal. 437 [26 Pac. 203, 22 Am. St. Rep. 314, 13 L. R. A. 137].)

It is also important that here Mrs. Van Voast is in the quiet and peaceable possession of the property in question, and cannot now be dispossessed until payment of the mortgage debt. (*Burns* v. *Hiatt, supra,* at p. 624; *American Trust Co.* v. *England, etc.,* (9th Cir.) 84 Fed. (2d) 352, 354.)

Under the facts and the equitable principles applicable thereto, appellant is entitled to no affirmative relief.

The judgment is affirmed.

Thompson, J., and Tuttle, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 26, 1940. Edmonds, J., voted for a hearing.