In re UNITED TOLEDO CO.

THOS. S. AUBRY CO. v. UNITED TOLEDO CO.

No. 10039.

Circuit Court of Appeals, Sixth Circuit.

Nov. 19, 1945.

Donald F. Melhorn, of Toledo, Ohio (Edwin J. Marshall and Rupp & Hahn, all of Toledo, Ohio, on the brief), for appellant.

Milton C. Boesel, of Toledo, Ohio (Ritter & Boesel and Milton C. Boesel, all of Toledo, Ohio, on the brief), for appellee.

Before HICKS, SIMONS and ALLEN, Circuit Judges.

ALLEN, Circuit Judge.

This appeal arose out of a petition in a bankruptcy proceeding, praying for an order that the appellee, debtor, pay over and deliver to the appellant certain assets claimed by the appellant under the sale to it of assets of the debtor, pursuant to an order of the District Court.

The referee in bankruptcy sustained the appellant's petition as to certain items concerning which no question is made before this court. He denied the motion as to the item of $520 cash received from the sale of real property situated at 2421 Franklin Avenue, Toledo, Ohio, and the item of $12,500 cash which the debtor received from the sale of real estate situated at 1526–32 Western Avenue, in the same city.

The sole question presented is whether, under the order of the court, the two assets described above became the property of the appellant upon the consummation of the sale.

In a judicial sale the court is the real vendor. Pewabic Mining Co. v. Mason, 145 U.S. 349, 361, 362, 12 S.Ct. 887, 36 L.Ed. 732; Ballard Co. v. Peyser, 67 App. D.C. 169, 90 F.2d 414. In such a case the court's decree is controlling upon the parties, and their rights and obligations are fixed thereby. American Dirigold Corp. v. Dirigold Metals Corp., 6 Cir., 125 F.2d 446. The purchaser at a judicial sale is protected by the order or decree of the court, and he need not look beyond the decree and the jurisdiction of the court. Boyd v. Wyley, C.C., 18 F. 353, affirmed 124 U.S. 98, 8 S.Ct. 364, 31 L.Ed. 369. "The bankruptcy sale at which appellant bought was a judicial sale, and appellant was clearly bound by the conditions of the order of sale and confirmation and the conveyance made pursuant thereto." United Brick & Tile Co. v. McKissick, 8 Cir., 51 F.2d 67, 69.

The order, in its pertinent portions, reads as follows:

"3. * * * the Board of Directors of the debtor is authorized, empowered and directed to presently sell all of the remaining assets in the possession of The United Toledo Company to the highest and best bidder at private sale on sealed bids, subject to the approval of this court, as herein provided."

"5. The sale of the assets ordered herein, and to which the successful bidder shall be entitled upon the confirmation and consummation of the sale as herein provided for, shall consist of all of the assets of the debtor as indicated in the statement of book value of assets taken from the balance sheet as of July 1, 1944, reading as follows:

| | |
|---|---|
| 'First Mortgage Loans | $321,699.03 |
| Second Mortgage Loans | 14,910.47 |
| Land Contracts | 8,295.75 |
| Lease-Option Agreements | 17,310.38 |
| Other Loans | 698.05 |
| Real Estate Owned | 65,369.13 |
|   Improved property $31,613.13 | |
|   Vacant lots ...... 33,756.00 | |
| Furniture and Fixtures | 614.53 |
| Other Assets | |
|   Metropolitan advances on mortgages sold by United Sav. Association | 1,856.88 |
|   Numerous deficiency judgments carried at | 3,241.76 |
| Total Assets Not Including Cash | $433,905.98,' |

deducting therefrom all assets sold on and after July 1, 1944, and up to the close of business on the date of the entry of this order, and shall not include cash on hand as of the close of business on the date of the entry of this order, but said sale shall include all of the right, title and interest of the debtor in all of the remaining assets."

"8. The debtor is authorized to prepare and furnish to prospective bidders a list of its said assets ordered to be sold herein, but such list shall not be used by such bidders or other person for any purpose detrimental to said United Toledo Company or to the owners of property included therein, but only for the purpose of obtaining information upon which to make his bid."

"9. In the event of any dispute between a successful purchaser and the debtor after the confirmation and consummation of said

sale as to any matters growing out of the sale, such matters shall be determined by the Referee in Bankruptcy upon application of the party interested."

 The referee found that the Franklin Avenue property was "sold on and after July 1, 1944, and up to the close of business on August 10, 1944, because the offer to purchase was dated July 7, 1944, and was accepted July 12, 1944." He found that the Western Avenue property was "sold on and after July 1, 1944, and up to the close of business on August 10, 1944, because the offer to purchase was dated July 21, 1944, and was accepted July 26, 1944." This wording plainly means that the two properties in question were sold between July 1 and August 10, 1944. These findings were confirmed and adopted by the District Court and cannot be set aside unless clearly erroneous. Fruehauf Trailer Co. v. Bridge, 6 Cir., 84 F.2d 660, 663; Wood, Ex'x, v. Creech, 6 Cir., 109 F.2d 1023. Federal Rules of Civil Procedure, rule 53(e) (2), 28 U.S.C.A. following section 723c. The findings are not challenged, and are plainly correct. We think that the conclusions of law based upon them are proper, and that the order must be affirmed. It is shown in the evidence that the debtor had been given authority by the District Court to operate its business for a period of three years, and had been endeavoring to convert its assets into cash. At the time of the entry of the order of sale, August 10, 1944, the debtor held title to but a few remaining properties. Binding contracts of sale covering the parcels of land in controversy had been made several weeks prior to the entry of the order. This real estate clearly was part of the debtor's "assets," and thus expressly included in the phrase of the order "deducting therefrom all assets sold on and after July 1, 1944, and up to the close of business on the date of the entry of this order. * * *"

 In conformity with the order, appellee had prepared a complete list of its assets, which stated that these two properties were "sold," and appellant's bid was based upon this list. Under the conceded facts, the appellant knew that these properties were not intended to be included in the assets received, did not figure them in the aggregate for the purposes of the bid, and receipted for "all the assets" of the debtor. While the parties were clearly bound by the conditions of the order of sale and confirmation and the conveyance made pursuant thereto (American Dirigold Corp. v. Dirigold Metals Corp., supra), this construction of the parties supports the finding of the referee.

 In addition, paragraph 9 of the order provided that in the event of any dispute as to any matters growing out of the sale, such matters should be determined by the referee in bankruptcy. This provision, sanctioned by the court and not excepted to by either party, constituted the referee in bankruptcy an arbitrator for the purpose of settling controversies, such as those presented in the instant litigation. The referee, after hearing the witnesses and consideration of the record, found against the appellant. His determination is binding under the terms of the order.

The order of the District Court is affirmed.