Everet L. HAGAN, Appellant,

v.

George L. GARDNER, Trustee in Bankruptcy of the Estate of Flintridge Heights, Inc., a Bankrupt Corporation, Appellee.

No. 16669.

United States Court of Appeals
Ninth Circuit.

Nov. 2, 1960.

644

Evert L. Hagan, in pro. per.

Joseph W. Fairfield, Los Angeles, Cal., for appellee.

Before STEPHENS and BARNES, Circuit Judges, and KILKENNY, District Judge.

KILKENNY, District Judge.

Proceeding in bankruptcy to "reclaim" the sum of $8,100.00 from the trustee.

On April 1, 1955, a former trustee in bankruptcy sold a tract of real property, an asset of the bankrupt estate, to Naylor, Byers & King[1] for the sum of $128,-000.00, receiving in payment therefor $40,000.00 in cash and a note for $98,-000.00. This note was secured by a deed of trust on a portion of said real property. The purchasers having defaulted in payment of their note, foreclosure proceedings were instituted in November 1955, and on January 10, 1956, a decree of foreclosure was entered. On February 9, 1956, the property was sold at execution sale, pursuant to said foreclosure decree, at which time the prop-

erty was bid in by the trustee for the sum of $25,000.00. A deficiency judgment was entered against Naylor in favor of the trustee for the sum of $77,-296.50. Prior to the institution of the foreclosure proceedings, Naylor, by way of grant deed, conveyed such real property to a corporation known as Flintridge Highlands, Inc. (not to be confused with bankrupt, Flintridge Heights, Inc.). Flintridge Highlands was *not a party* to the foreclosure proceedings. Said property was subject to statutory redemption within one year, the time within which to redeem expiring on February 9, 1957. No redemption was made.

In December 1956, the appellant obtained judgment against Flintridge Highlands, Inc. and levied execution on the land in question and obtained a Marshal's deed under execution, which deed passed the legal title to said real property to appellant. On June 27, 1957, appellant filed with the Referee a "tender" dated June 24, 1957, accompanied by a check in the sum of $27,400.00. It will be noted that this tender was made and submitted to the Referee more than four months after the expiration of the said period of redemption. Appellant participated in all of the hearings on the sale of such property and submitted a bid for the purchase thereof. At a later date the trustee sold his right, title and interest in such property to one Lenz for the sum of $35,500.00, and an order confirming the sale of said interest was made by the Referee on May 28, 1958. Appellant was in court at the time of such confirmation and, before signing the order, the Referee specifically inquired of appellant if the sale was satisfactory and received an affirmative reply from appellant's counsel. On May 20, 1958, the appellant entered into a written contract with the purchaser Lenz regarding appellant's claim against the estate, which said agreement recited that Lenz had purchased appellant's claim against said property for the sum of $29,000.00. On December 8, 1959, appellant filed in bank-

---

1. Hereinafter called Naylor.

ruptcy court the petition on which his claim is based.

The Referee in Bankruptcy found the foregoing facts and entered an order denying appellant's petition in reclamation. On review by the District Court, the order of the Referee was in all respects approved and confirmed.

Although appellant is a man of considerable financial means, he concluded to personally prosecute this appeal and as a result, the assignments of error lack that degree of clarity which would ordinarily define the issues. Appellant's assignments of error, ten in number, are very repetitious and do not pinpoint the principal issue on this appeal. In the final analysis, that issue is whether aplant has any title to or right to possession of $8,100.00, the difference between his tender of $27,400.00 and the sales price to Lenz of $35,500.00. In order for appellant to prevail in a reclamation proceeding, it is necessary for him to show that he was the owner of the $8,100.00 in question and was entitled to the immediate possession thereof. Collier on Bankruptcy, 14th Ed., Vol. II, § 23.11, § 70.39. The burden of proof is at all times on the appellant. Collier on Bankruptcy, 14th Ed., Vol. II, § 70.39(3). At one point appellant makes the broad statement that he is claiming the fund under a common law right of redemption. His statutory right of redemption expired some four months prior to filing of this proceeding.

Both parties concede that the foreclosure proceedings were ineffectual as to Flintridge Highlands, Inc., the grantee of the original mortgagors. The Supreme Court of California has consistently held that the title of the purchaser from a mortgagor is not affected by foreclosure proceedings to which the purchaser is not a party. Burns v. Hiatt, 149 Cal. 617, 87 P. 196; District Bond Co. v. Pollock, 19 Cal.2d 304, 121 P.2d 7; Tutt v. VanVoast, 36 Cal.App.2d 282, 97 P.2d 869; Elbert, Ltd. v. Clare, 40 Cal.2d 498, 254 P.2d 20. These decisions make it obvious that appellant, the successor in interest to Flintridge Highlands, Inc., is not affected by the foreclosure proceedings and is still the owner of the property.

The rights of the appellant, as successor in interest to the original mortgagor, are controlled by the original transaction between the mortgagors and the trustee. The appellant is still faced with the lien of the original mortgage or deed of trust in the sum of $98,000.00. That this is the law of California is made clear in Burns v. Hiatt, supra [149 Cal. 617, 87 P. 197], from which we quote:

" * * * The proceeding to enforce such lien, although ineffectual against plaintiff by reason of the fact that he was not made a party, did not operate to divest the lien. His rights were in no way affected by the proceeding, and he acquired no additional right thereby. He simply continued to be the owner of the property, subject to the lien which had not been enforced; his situation in this regard being precisely the same as it would have been had no attempt to foreclose been made. The mortgage was not extinguished by the ineffectual attempt to enforce it. It is clear that where, for any reason, foreclosure proceedings are void, the legal title continues subject to the lien of the unpaid mortgage, and it appears to be well settled that a purchaser of the property at a foreclosure sale in such void proceedings thereby becomes an assignee of such mortgage, and the debt thereby secured, of which the mortgage is an incident, with all the rights of the original mortgagee. (Citing cases.)"

Therefore, in this case the foreclosure proceeding was ineffectual against the predecessor in interest of the appellant by reason of the fact that such corporation was not made a party. However, this did not operate to destroy the lien of the trust deed. The appellant took title to this property subject to such lien. Appellant's position is "precisely the same, as if no attempt had been made to foreclose the mortgage." Tutt. v. VanVoast, supra; and Elbert, Ltd. v. Clare,

supra, approve the doctrine announced in Burns v. Hiatt, supra.

■ Conceding that the appellant had a common law right of redemption, this right amounts to nothing more than the right of the original mortgagor, or its successor in interest, to pay the mortgage in full. 33 Cal.Jur.2d 582; Burns v. Hiatt, supra. On this theory the appellant should have tendered the $98,000.00 owing on the deed of trust, together with accrued interest. His theory that he had a right to a common law redemption by tendering $27,400.00 is completely unsound. Such right could be exercised only by tendering the full amount of the original mortgage. Burns v. Hiatt, supra.

■ Both parties discuss the question of merger of the original mortgage lien in the decree of foreclosure. Under the doctrine as taught in Burns, no such merger occurred.

■ There is another reason why appellant is entitled to no portion of the fund. The parties agreed that the instrument executed and delivered by the trustee to Lenz was a quitclaim deed. The trustee could only sell and convey such right, title and interest as he owned. A sale by a trustee in bankruptcy is a judicial sale. In re United Toledo Co., 6 Cir., 1945, 152 F.2d 210. The purchaser is bound to know that the only title which can be sold by the trustee is his own right, title and interest, and the doctrine of caveat emptor, applicable generally to judicial sales, applies to a sale under order of a bankruptcy court. Roby v. Colehour, 146 U.S. 153, 13 S.Ct. 47, 36 L.Ed. 922; Crawford v. Halsey, 124 U.S. 648, 8 S.Ct. 641, 31 L.Ed. 572; In re Miltones, 2 Cir., 1922, 286 F. 806; John Schaap & Sons Drug Co. v. Rone, 8 Cir., 1927, 19 F.2d 517; Handlan v. Bennett, 4 Cir., 1931, 51 F.2d 21. Under California law a quitclaim deed is recognized as a distinct form of conveyance, but operates to transfer only what right, title and interest the grantor may have. Fisher v. General Petroleum Corporation, 123 Cal.App.2d 770, 267 P.2d 841; West-

lake v. Silva, 49 Cal.App.2d 476, 121 P.2d 872. By the sale and the execution and delivery of the quitclaim deed to Lenz, the trustee did not and could not effect appellant's title. He merely transferred such interest as he had and such deed created no right, estate or interest in appellant.

The fact that Lenz and the appellant knew that Lenz was purchasing a partial title or interest from the trustee is conclusively demonstrated by Lenz' contract to purchase appellant's title to the property for $29,000.00. In the light of these conclusions, the subject of estoppel, the law on tender and other subjects discussed by the parties are of no significance.

The order of the District Court is affirmed.