# W. D. ALEXANDER, JAMES PARSONS, JAMES HILL, G. A. RICHARDS, WILLIAM WEINBEER, P. RYLAND, JOHN SUMMERS, SOLOMON GUESS, H. BURGMANN, WILLIAM TREMAYNE, JOS. SUMMERS, M. MEYER, JOHN TREMAYNE, AND ALEXANDER MURCHISON, *v.* OTIS GREENWOOD, J. D. PATTERSON, AND JAMES MITCHELL, INTERVENOR.

MORTGAGEE—SUBSEQUENT LIENHOLDERS.—The mortgagee of real estate cannot, by virtue of the lien of his mortgage alone, cut off the judgment creditors of the mortgagor who have, by virtue of their judgments, acquired a lien on the mortgaged property subsequent to the mortgage, from all recourse upon the mortgaged property.

FORECLOSURE OF MORTGAGE—PARTIES TO.—A judgment creditor whose judgment lien is subject to the lien of a prior mortgage is not concluded nor are his rights affected by a decree of foreclosure of the mortgage unless he was a party thereto.

SALE OF MORTGAGED PROPERTY BY JUDGMENT CREDITOR—EFFECT OF.—After the execution of a mortgage upon real estate, a judgment was rendered against the

mortgagor, which became a lien upon the mortgaged property; the mortgagee then foreclosed the mortgage, making the mortgagor alone a party defendant, had the mortgaged property sold under the decree, became the purchaser, and obtained a Sheriff's deed; afterwards, the judgment creditor procured an execution upon his judgment, and had the property advertised for sale; the holder of the title under the Sheriff's deed filed a bill in equity to enjoin the sale; *held,* that he was not entitled to an injunction, and that the judgment creditor had a right to sell any interest in the land held by the judgment debtor at the rendition of the judgment or levy of the execution. *Held,* further, that the judgment creditor's equitable right of redemption not having been cut off by the foreclosure, he might, during the two years that his judgment was a lien upon the premises, sell under an execution, and purchase the legal title of the mortgagor, not only that he might assert his right of redemption at any time within the period allowed by the Statute of Limitations, but, also, that he might realize any other benefit or advantage that might accrue to him from the sale.

APPEAL from the District Court, Fifth Judicial District, Tuolumne County.

The facts are stated in the opinion of the Court.

*George Cadwalader*, for Appellant.

The owner of the judgment was neither a party to the foreclosure suit, nor to any of the transactions between the other parties.

He stood upon his judgment lien, which the law declares bound the estate of Daubenspeck for the period of two years, as well as any subsequent interest that Daubenspeck might acquire in the land.

He issues an execution, and the Sheriff is about to sell the interest of the judgment debtor in the land, when both himself and the Sheriff are perpetually enjoined at the instance of plaintiffs.

His right to sell is given by the first subdivision of the two hundred and tenth section of the Practice Act, and he is entitled to the fruits of his execution.

The objection of the respondent is confined to the quantity of the estate which the judgment lien covers; and where some estate is apparent on which the judgment lien attaches it is impossible in a proceeding of this kind to stop its being ripened into a deed without the judgment is paid.

It will likewise be observed that all the proceedings related in the bill were carried on in the face of our judgment and its lien.

We stood passive, granting nothing away—consenting to nothing.  There stood our judgment lien as a monument to guide all persons dealing with the property.  They may have treated it as " non-existent," or  considered it as worthless— nevertheless, such error of judgment on plaintiffs' part does not diminish the vigor of the lien or make it cling to a smaller estate than that declared by law.

But again : we are not bound by the foreclosure—not being a party thereto ; and, in any event, we have the right to sell and then redeem as against the purchaser at the mortgage sale or his grantees, at any time within the period of the Statute of Limitations.  (*Macovich* v. *Wemple,* 16 Cal. 106 ; *Goodenow* v. *Ewer,* 16 Cal. 468.)

The point that because judgment was rendered in the fore- closure suit on the 23d of November, 1860, the case must have been commenced before the 19th, is untenable ; because, as a matter of practice, it is well known that many suits are com- menced and ended on the same day.  If, however, this were true, it would go to show that Greenwood was not a party to the suit.

These considerations show the necessity of pleading the essential facts, where they exist to be pleaded.

*H. P. Barber,* for Respondent.

The case is identical in principle with that of A., being the owner of real estate, selling to B., (who has a judgment stand- ing against him of record at the time,) and taking back a mort- gage for the purchase money.  There, though B. has an *appar- ent* legal seizin which would be bound by the judgment of record against him, yet, equity considers the whole as one simultaneous transaction, and prefers A.'s subsequent mort- gage to the prior judgment against B.

The complaint shows inferentially and presumptively that

the Greenwood judgment was obtained after the commencement of the foreclosure suit by Winne.

Whether, as a matter of *fact*, the Greenwood judgment was entered before or after the commencement of Winne's suit to foreclose, Greenwood is still a *statute redemptioner*, his judgment having been obtained long subsequent to the date of the Winne mortgage, as is shown by the record. The decree of foreclosure takes effect *by relation* from the date *of the mortgage*, and the judgment creditor, if his judgment be obtained subsequent to the *date of the mortgage*, is still a subsequent encumbrancer, having a right to redeem under section two hundred and thirty of the Practice Act, though his *judgment* may be entered prior to the *decree of foreclosure*. (*McMillan* v. *Richards*, 9 Cal. 365 ; *Goodenow* v. *Ewer*, 16 Cal. 461.)

A subsequent encumbrancer (as a judgment creditor) has no right at all to *issue execution* after the purchaser has obtained a *Sheriff's deed* under a prior encumbrance. The Sheriff's deed takes effect by relation from the date of the prior judgment ; the execution on the subsequent judgment directs the Sheriff to sell all the interest of the judgment debtor at the date *of the subsequent judgment*. But after the execution of the Sheriff's deed on the prior judgment, and its taking effect by relation from that date, the judgment debtor would have *no interest whatever to dispose of* at the date of the second judgment. If a subsequent judgment debtor could, under such circumstances, *issue execution* against the land, after Sheriff's deed to a purchaser under a prior judgment, this result would follow : that as a judgment is a lien for two years, the purchaser, though having a Sheriff's deed, could put no improvements on his land for two years, for fear that the land might be sold within that period under the subsequent judgment. The statute makes a judgment a lien for two years *only where the prior rights of third parties are not affected*. In case of sale under a prior judgment, the subsequent judgment creditor must enforce his right of sale under execution *before* Sheriff's deed under the prior judgment. *After* Sheriff's deed, the subsequent judgment creditor is barred both of *sale by execution*

and his *statutory* right of redemption under *all* circumstances, and there remains to him *solely, not* a right of sale under exe- cution, but simply what may be termed his common law *right of redemption.*

This common law right of redemption, even, does not exist in the present case, for to enforce that, the judgment creditor must have a lien *on the whole premises* purchased, whereas, in the present case, he has a lien only on *Daubenspeck's share* of them. (*Erwin* v. *Scriver,* 19 Johns. 379.)

By the Court, RHODES, J.

This action was brought to restrain the defendants—the one being a judgment plaintiff and the other the Sheriff—from sell- ing certain real estate under an execution issued upon the judgment.    A decree was entered perpetually enjoining the sale of the premises under the execution already issued, or any that might be issued upon that judgment.  The appeal is taken from the final decree alone.    The record does not con- tain the evidence in the cause nor the findings of the Court. The question presented for consideration is, whether the facts stated in the complaint are sufficient to entitle the plaintiffs to the decree as rendered by the Court below.

The plaintiffs allege that Daubenspeck, Sturman, and Ful- ton, being the owners of a certain ranch, on the 19th day of November, 1859, mortgaged it to Winne for two thousand five hundred dollars, with interest at two per cent per month, pay- able in six months after said date, and that on that day the mortgage was recorded, etc.;  "That said amount not being paid according to contract, said Winne commenced suit for the recovery thereof and foreclosure of said mortgage against said parties in this Court, and on the 23d day of November, 1860, recovered judgment therein for the sum of three thousand one hundred and seventeen dollars and thirty-three cents," and interest and costs, with a decree for the sale of the mortgaged premises ; that under an order of sale issued upon said decree, the premises were sold by the Sheriff to Winne on the 29th day of December, 1860 ; that on the 11th of July, 1861, the

premises, not having been redeemed, were conveyed by the Sheriff to Winne; and that by mesne conveyance the title so conveyed to Winne vested in the plaintiffs. They also allege that on the 19th of November, 1860, defendant Greenwood recovered judgment in said Court against Daubenspeck for four hundred and eighty-three dollars and ninety-five cents, upon which an execution was issued, and the Sheriff levied the same upon the premises, and under it advertised the premises for sale on the 8th of November, 1862. Other facts are alleged respecting certain contracts and conveyances not necessary to be noticed here.

The complaint does not state when the action was commenced by Winne to foreclose the mortgage, and it will be presumed that it was commenced some time before the rendition of the decree of foreclosure, but not ten days, nor any other certain time, for the decree could, under certain circumstances, have been properly rendered immediately after the filing of the complaint. It is not directly nor inferentially stated in the complaint that Greenwood's judgment was rendered *after* the commencement of the action of foreclosure. The averments upon this point are entirely consistent with the existence of the Greenwood judgment before and at the commencement of the suit by Winne. The plaintiffs have not negatived this state of facts, but as their allegations are to be most strongly construed against them, they will be considered as having averred that the Greenwood judgment was, in fact, entered before the commencement of the foreclosure suit.

The plaintiffs allege in their complaint that it is now pretended that Greenwood's judgment is a lien upon a momentary seizin of an undivided portion of the premises held by Daubenspeck, during the passage of the title from Winne to Platt, the grantor of the plaintiffs, the deed having been executed by Winne to Daubenspeck and Sturman, and by them immediately to Platt, in pursuance of an agreement between the parties, having for its object the vesting of the title in Platt, and the giving to Daubenspeck and Sturman the right to pur-

chase from Platt, upon certain terms mentioned in the complaint.

The decree, however, not merely restrains the defendants from selling the momentary seizin of Daubenspeck only, but it enjoins them from levying upon or selling the land under any execution issued or to be issued upon the Greenwood judgment; and the decree cannot be maintained, if the defendants might, under such execution, sell any interest of Daubenspeck in the land.

The plaintiffs represent the rights of Winne, and the defendants those of Greenwood, and the action is to be determined as it would be if Winne and Greenwood were alone parties to the suit.

It is assumed by both parties, for the purpose of the argument, that the Greenwood judgment became a lien at the date of its entry upon the premises, subject in all respects to the prior lien of Winne's mortgage. It therefore necessarily follows that the judgment, not being satisfied or reversed, continued as a lien for two years, unless the lien was divested by proper legal proceedings. If Winne had delayed the foreclosure of his mortgage, and if, during the delay and within two years after the entry of his judgment, Greenwood had proceeded to sell Daubenspeck's interest in the premises, it would not be pretended that Winne could have enjoined the sale on the ground thas his mortgage was a prior lien upon the land. The respondents urge that "the judgment creditor only takes the property of his debtor subject to every liability under which the debtor himself holds it," and there can be no doubt that this is a correct general principle; but it is not deducible from that principle that the judgment creditor can be cut off from all recourse upon the debtor's property by proceedings instituted to enforce any liability or lien upon the property prior to the judgment, (with certain exceptions specially provided for by law,) unless the judgment debtor has his day in Court. The contrary doctrine is fully recognized and affirmed in *Morris* v. *Mowatt*, 2 Paige, 586, and in most

of the cases cited by counsel of the respondents, and, indeed, it is the well established rule in equity.

If Greenwood had been made a party to the foreclosure suit of Winne, he might have made it appear that the mortgage debt had been paid, in whole or in part, or that some portion of the land was not properly subject to the mortgage as against his judgment, or that some other fact existed that would have rendered his lien more valuable or effectual. And on the other hand, his right of sale might have been cut off, and his remedy restricted to the receipt of the overplus money arising from the sale under the foreclosure, and the statutory right of redemption from the sale. He was not a party to the foreclosure suit, and his rights are not affected by the decree in that case, for a decree of foreclosure is conclusive only upon the rights of the parties who are before the Court. (*Montgomery* v. *Tutt*, 11 Cal. 315 ; *Goodenow* v. *Ewer*, 16 Cal. 469.)

Greenwood's right of sale of the equity of redemption of Daubenspeck still subsisted, notwithstanding the decree of foreclosure, and the sale and conveyance under it. The extent or value of the interest that he might acquire will not determine his *right of sale;* but he may sell the slightest interest in the land held by Daubenspeck at the rendition of the judgment or the levy of the execution. His equitable right of redemption not having been cut off by the foreclosure, he might, during the two years that his judgment was a lien upon the premises, purchase the legal title of Daubenspeck under execution issued upon the judgment, which he clearly had the right to do, (*Morris* v. *Mowatt*, 2 Paige, 586,) and then, according to the well established doctrine of this Court in *Montgomery* v. *Tutt*, he might assert his right of redemption from Winne's sale at any time within the period allowed by the Statute of Limitations.

He was entitled to the right of sale, not only that he might fully and properly exercise either the statutory or equitable right of redemption within the period allowed by law, but that he might realize any other benefit or advantage that

could accrue to him by the sale under his execution. It is, therefore, unnecessary to inquire whether Daubenspeck had any present right of possession or any equitable interest in the premises, derived from the contract mentioned in the complaint, which could be sold under the execution.

The judgment must be reversed, and it is ordered that the cause be remanded with directions to the Court below to dismiss the plaintiffs' complaint.