## JOHN SCHAAP & SONS DRUG CO. v. RONE.

### In re MOREHEAD.

Circuit Court of Appeals, Eighth Circuit.
May 9, 1927.

No. 7380.

1. Bankruptcy ⊂═⊃340(4)—Evidence held to show chattel mortgagee purchased bankrupt's fixtures subject to its mortgage.

Evidence *held* conclusively to show that chattel mortgagee purchased bankrupt's fixtures subject to its mortgage.

2. Bankruptcy ⊂═⊃268—Rule of caveat emptor applies to sales at public auction by trustee in bankruptcy.

The rule of caveat emptor applies to and governs sales at public auction by a trustee in bankruptcy.

3. Bankruptcy ⊂═⊃268—Court of equity held without jurisdiction to relieve from sale subject to mortgage by trustee in bankruptcy to chattel mortgagee with notice, in absence of trustee's censurable action.

Court of equity *held* without jurisdiction to require trustee in bankruptcy to give any relief from sale made by the trustee to chattel mortgagee, subject to the mortgage, where the mortgagee had full notice of the terms of sale, and the trustee was not guilty of negligence or any censurable act.

Appeal from the District Court of the United States for the Eastern District of Oklahoma; Robert L. Williams, Judge.

In the matter of Charles P. Morehead, bankrupt. From an order of the District Court, affirming an order of the referee disallowing the claim of the John Schaap & Sons Drug Company to a preference, on objection of Ira Rone, trustee, the claimant appeals. Affirmed.

Malcolm E. Rosser, of Muskogee, Okl., for appellant.

C. H. Howe and R. S. Howe, both of Hugo, Okl., for appellee.

Before SANBORN and BOOTH, Circuit Judges, and KENNAMER, District Judge.

WALTER H. SANBORN, Circuit Judge. In September, 1922, Charles P. Morehead was adjudged a bankrupt. He then owed John Schaap & Sons Drug Company $1,532.31, and this indebtedness was secured by a chattel mortgage to it on Morehead's fixtures in his drug store. Pursuant to an order of the District Court, the trustee in bankruptcy sold at public auction, after due notice, the fixtures of the bankrupt for $1,500 to the John Schaap & Sons Drug Company, subject to Morehead's mortgage to it for the $1,532.31. On the day of the sale, November 15, 1922, the drug company paid to the trustee the $1,500 it had bid for the fixtures and $800 which it had bid for other property of the bankrupt, making in all $2,300, and the trustee signed and delivered to Mr. Schaap, who acted for the drug company at the sale, a written receipt for the $2,300, which Mr. Schaap himself wrote out and presented to the trustee for his signature.

[1] The question in this case is whether, in this transaction, the sale of the fixtures for $1,500 was made subject to or free from the mortgage on them for $1,532.31 held by the drug company. The receipt which Mr. Schaap drew and the trustee signed on the day of the sale reads: "Received of John Schaap & Sons Drug Store Company the sum of $2,300 in full payment for the entire stock of drugs and druggist sundries, furniture, and fixtures, belonging to the bankrupt estate of Chas. P. Morehead, bankrupt, free of all mortgage liens, except the mortgage lien of Miss Osa Morehead, * * * and the mortgage lien of John Schaap Sons Drug Co., and it is expressly understood that said John Schaap Sons Drug Company purchases said stock and fixtures subject to the above-mentioned liens."

After this sale had been made, the drug company filed its claim for the $1,532.31,

which was secured by its mortgage on the fixtures, and for a preference in payment 'of this claim over the claims of the general creditors. The trustee filed an objection to this preference in payment, on the ground that the drug company bought the fixtures subject to the mortgage to itself. The drug company filed an answer to this objection, and the case was tried upon oral evidence by the referee, who sustained the objection of the trustee, and his decision was subsequently reviewed on the evidence and sustained by the District Court.

We have read and considered the evidence in this case and the briefs of counsel. The evidence is conclusive that the drug company bought and paid for the fixtures subject to the bankrupt's mortgage to that company on these fixtures, that it knew it was so buying them when it bought and paid for them, and that, if the drug company or Mr. Schaap, its representative, made the mistake, as his counsel contends, of supposing that he was buying the property free from the mortgage, that was not a mutual mistake, nor one induced by any censurable action or negligence of the trustee who made the sale.

[2] The rule of caveat emptor applies to and governs sales at public auction by an officer of the court (The Monte Allegre, 9 Wheat. 616, 646, 6 L. Ed. 174); and "a court of equity can act only on the conscience of a party; if he has done nothing that taints it, no demand can attach upon it, so as to give any jurisdiction" (Boone v. Chiles, 10 Pet. 177, 210 [9 L. Ed. 388]; United States v. Northern Pac. R. Co. [C. C. A.] 95 F. 864, 880).

[3] The drug company had full and fair notice of the terms of the sale, and the trustee committed no act and was guilty of no negligence that gave any jurisdiction to the court of equity to require him or those he represented to give any relief from the sale or the terms of sale made by the trustee to the drug company.

The order of the District Court challenged in this case must be and it is affirmed.