**STALEY v. DWYER.**

Circuit Court of Appeals, Eighth Circuit. December 26, 1928.

No. 8197.

George H. Hunker, of East Las Vegas, N. M. (Hunker & Noble, of East Las Vegas, N. M., on the brief), for appellant.

A. H. Darden, of Raton, N. M. (Crampton & Darden, of Raton, N. M., on the brief), for appellee.

Before VAN VALKENBURGH and COTTERAL, Circuit Judges, and REEVES, District Judge.

COTTERAL, Circuit Judge. The appellant complains that he was erroneously adjudged to be liable in damages for failure to pay the price he bid at a sale of property by appellee as the trustee of the bankruptcy estate of Otto-Johnson Mercantile Company.

The proceedings which led to this result were begun by a petition of appellee, in which he alleged that the property was sold by him to the appellant, upon formal notice of sale, for $38,125.81, and appellant obtained a confirmation of the sale, but refused to pay the price bid for the property. Appellee prayed for and obtained from the court a rule on appellant to show cause why he should not be required to perform the terms of the sale, or the property resold, and the deficiency, damages, and costs charged to him.

The matter was referred to the referee for hearing and report of his findings and recommendations. From an answer to the rule filed by appellant and a reply of the trustee thereto, the controversy between the parties was disclosed. Appellant claimed that all of the property of the estate, including three Buick cars, was offered for sale, as represented by the auctioneer, and, relying thereon, he made the bid and had the sale confirmed, and further the property was sold free of liens, including taxes, but the trustee refused to deliver the cars and pay the taxes, wherefore appellant declined to make payment to the trustee. The trustee replied with a denial that the cars were offered for sale and claimed he sold only the property as advertised, which excluded the cars, and as to liens he sold only the interest of the estate.

The parties appeared and introduced testimony before the referee. He made a report, in which he found that appellant had notice of the sale in advance; that the property offered was explained at the outset; that the auctioneer stated "I am selling everything at Clayton from cellar to garret," but this was corrected; that the sale was confirmed by the referee, and, with full knowledge on appellant's part that the Buick cars would not be delivered, his attorneys obtained a further confirmation of the sale by the District Court; that no motion had been made by him to set it aside except in the proceeding before the referee; that, by appellant's refusal to complete the sale, the estate had sustained damages. The referee recommended that an order be issued directing appellant to accept the property, exclusive of the cars, and complete the contract, or, on refusal, the property be resold and the damages assessed to him.

Later, the parties entered into a stipulation which in the main was that the court should order a resale of the property, exclusive of the cars, subject to the taxes of 1927; that appellant would deposit his check for $9,650, subject to the order of the court, and would bid and pay $28,475.81 for the property; that his liability was not admitted but reserved for determination in this proceeding. The property was again put on sale, but sold to another bidder for $30,400, and that sale was confirmed by the court.

Thereafter a decree was rendered by the District Court, in which the exceptions of the appellant were overruled, and there were like findings as made by the referee. And it was found that the three cars were not offered for sale, or sold, or returned as sold, or confirmed to the appellant; that the original sale was fairly and openly conducted; that the conditions of the sale and the property included therein were publicly and fairly explained to prospective bidders when appellee was present; that, if he believed the cars were being sold, it was due to his neglect or inattention;

984

that he breached the contract of sale; and that the appellee's damages, after applying the deposit of $9,650, were $884.18. Appellant was held to be liable both because the sale was fairly and openly conducted, and he sought to attack the confirmation collaterally. And it was adjudged and decreed that the clerk pay said deposit to the trustee and appellee recover of appellant the damages found with interest. The appellant then perfected this appeal.

We are clearly of the opinion that appellant may not avoid this contract, unless by reason of the sale proceedings. The description of the property in the notice of sale plainly did not include the cars, and by its terms alone appellant was informed as to the property to be offered and the extent of appellee's authority. But for the alleged representation of the auctioneer, he had no possible ground for claiming the cars were offered or that he was misled in that respect.

Counsel for appellant have directed much of their argument to the evidence given before the referee and to the facts they insist were proved. The difficulty they have to meet is that the facts have been found adversely to appellant, and, unless we should find them in his favor, upon a review of the evidence, there is little support for the contentions made as a basis of reversal.

██ A settled rule has been established for our guidance in considering the evidence. It is that the findings and decree of a chancellor are presumed to be correct, and, unless it clearly appears "that an obvious error of law has intervened, or a serious mistake of fact has been made in the consideration and decision of the issues in the case, the adjudication will not be disturbed." Road Improvement District v. Missouri Pac. R. Co. (C. C. A.) 275 F. 600. After reading the evidence carefully, we find no such mistake in the findings, and they are approved.

██ It was found that the sale was fair, the cars were not offered or sold, and, if appellant believed they were offered, the fault lay at his door, through neglect or inattention on his part. If it be assumed he made the bid for the property as he claims, however unfortunate the mistake may have been, it was not mutual, but his own solely and not chargeable to the trustee, and it is unavailing to appellant; for in such a case the rule of caveat emptor applies and a court of equity will not grant him any relief. John Schaap & Sons Drug Co. v. Rone (C. C. A.) 19 F.(2d) 517.

We are referred to cases which hold that, if by mistake less property has been sold than was bid for, the purchaser, after confirma-tion, is entitled to a proportionate abatement of the purchase money. But those decisions are inapplicable, as there was no such mistake in this case. The cars were not in fact offered, and the bid did not apply to them.

██ The confirmation of the sale was concededly essential, and, as long as it stands, is an adjudication that the sale was made of other property than the cars. In avoidance of the ruling that it was attacked collaterally, the oral motion to vacate it in the hearing before the referee is cited, and there is a further contention that it was directly attacked in the defense against the rule to show cause. Assuming, without deciding, that it was directly challenged, a sufficient answer is that the ruling was not necessary to support the decree, but, if it was, the confirmation was properly entered, and no reason appears for vacating it.

We find no error in the record, and for that reason the decree of the District Court is affirmed.