## BAKER v. SPROUL.

District Court, W. D. Pennsylvania. June 26, 1929.

Lourie C. Barton, of Pittsburgh, Pa., for petitioner.

Alter, Wright & Barron and Stonecipher & Ralston, all of Pittsburgh, Pa., for trustee.

McVICAR, District Judge. The receiver of the bankrupt made a return to Watson B. Adair, referee in bankruptcy, that he had sold the assets of the bankrupt on May 29, 1929, to Charles E. Baker, for the price of $100,000, and asked for confirmation of his return. Baker filed exceptions thereto, wherein he alleged that he did not purchase the assets of the bankrupt, that the property was subsequently injured by a fire, and that there was a mistake as to what was sold. The referee overruled the exceptions and confirmed the return of sale. The confirmation of the sale is brought before us on the petition of Baker for review.

 Mr. Baker, by his counsel, urged chiefly that he did not purchase the assets at the public sale held by the receiver. He admits that he bid $100,000 therefor, but contends that he withdrew his bid before it had been accepted by the auctioneer; in other words, before it had been knocked down to him. He had a right to withdraw his bid at any time "before the hammer is down and the offer has been accepted." Blossom v. Railroad Co., 70 U. S. (3 Wall.) 196, 206, 18 L. Ed. 43. His contention raises a question of fact as to whether he did withdraw his bid before acceptance or not. The referee decided against Mr. Baker's contention. At the hearing before the referee, Mr. Baker offered the evidence of himself and several other witnesses, who testified in effect that he had withdrawn his bid before the auctioneer accepted the same. On the other hand, the auctioneer, trustee, attorney, and several witnesses testified, in effect, that there had been no such withdrawal. There was also evidence that, after the auctioneer had knocked the sale

down to Mr. Baker, Mr. Baker requested the property be returned as sold to him and to another person; that he made several requests for time to pay the 25 per cent. of the bid required to be paid at the time of the sale. There was ample evidence to sustain the finding of the referee that Mr. Baker had not withdrawn his bid before it had been accepted. The evidence in relation thereto was conflicting. The credibility of the witnesses was for the referee, and his finding should not be set aside, except for cogent reasons. Walter v. Atha, 262 F. 75 (3d Circuit, C. C. A.). See, also, Tilghman v. Proctor, 125 U. S. 136, 149, 8 S. Ct. 894, 31 L. Ed 664, and Morimura v. Taback, 279 U. S. 24, 33, 49 S. Ct. 212, 73 L. Ed. 586.

There was no evidence to sustain the exceptions or contentions that there was a mistake as to the property sold, or that the property was damaged by fire, or by any report of a fire appearing in a local newspaper.

The order of the referee, confirming the sale, is confirmed.