## In re GLANTZ.

## B. J. HARRISON MFG. CO. v. BROMBERG.
### No. 266.

Circuit Court of Appeals, Second Circuit.

March 6, 1933.

CHASE, Circuit Judge, dissenting.

---

Arthur F. Curtis, of Delhi, N. Y. (Sidney Fertig, of New York City, of counsel), for trustee.

Irving I. Goldsmith, of New York City, for Harry Bromberg.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The B. J. Harrison Manufacturing Company was owned by Charles Glantz, against whom a petition in involuntary bankruptcy was filed and for whom the appellee has been appointed trustee. The property of the bankrupt consisted of a factory building, machinery, stocks, materials, accounts receivable, and patent rights. After the appointment of the trustee, he received two offers for the purchase of the assets, one of $6,500, by the appellant, and another of $8,000, by John F. Kuhn. After the offers were received, the referee in bankruptcy gave formal written notice to the creditors of the bankrupt that such offers had been made. The notice called for a meeting of the creditors at the plant at Arkville, Delaware county, on the 14th of May, 1932, "to consider said offer, also to consider any other offers which may be [made] before or at said meeting." At this meeting, the appellant increased his bid to $10,100, which was higher than all other bids. There was full opportunity for bidding. Two days later, a petition for confirmation of the sale was filed and notice thereof was sent to the creditors. A few days after service of the notice, and before the 31st of May, 1932, when the matter was set for a hearing, Kuhn increased his offer to $11,500. At the hearing, the trustee communicated to the referee, and the creditors present, this increased offer of Kuhn, and the majority in number opposed the confirmation because a higher price could be procured. The final confirmation was adjourned until the 20th of June, 1932, when the trustee and representatives of the majority of the creditors again considered bids and approved the appellant's. The referee stated that the sale was fairly conducted and the price offered by the appellant was fair, and that there had been no misrepresentations at the time of acceptance of the appellant's bid, and he confirmed the sale. On July 7, 1932, the referee made an order accordingly. A petition to revise was filed in the District Court, and the order of confirmation was reversed, and the property was sold a second time at private sale, August 22, 1932, to John F. Kuhn for $12,750.

The District Judge grounded his decision upon the failure to comply with the provisions of subdivision 2 of General Order XVIII (11 USCA § 53), which provides that upon an application to the court the trustee

788

may be authorized to sell any specific portion of the bankrupt's estate at private sale, in which case he shall keep an accurate account of each article sold and the price received therefor and to whom sold, which account he shall file at once with the referee. The court below held that this was a private sale and that no application or order was made therefor. This was a jurisdictional requirement, and a private sale may not be had without it. The court said: "There seems to be no cases holding that such requirement may be dispensed with."

It appears that the receiver attempted to sell the business and failed. The trustee, aided by the receiver and the creditors, had solicited purchasers and had but two bids. It was thought most advantageous by the creditors to have a private sale, rather than a public sale, and the creditors demanded an authorization to the trustee to negotiate with prospective purchasers. The referee states it was the unanimous opinion that a public auction should not be undertaken but a private sale had, and·he so recommended. The trustee thereupon asked for a private sale, which was granted, as the findings of fact indicated. Staley v. Dwyer, 29 F.(2d) 982 (C. C. A. 8); Baker v. Sproul (D. C.) 37 F.(2d) 937, affirmed 37 F.(2d) 938 (C. C. A. 3).

A notice formally directing a meeting of the creditors to consider the bids on May 14, 1932, was a sufficient order to proceed with the private sale of the property. Later a meeting was held, the offers considered, and the offer of the appellant accepted. The final act of the referee in confirming this sale to the appellant and the order entered thereon leaves no doubt we think as to the compliance with subdivision 2, General Order XVIII.

The only objection appears to be to the form and not the substance of the order. Nothing in General Order XVIII or in any of the rules makes this order of sale insufficient. Rule 12 of the Rules of the Northern District of New York requires petition to be written or printed. Collier on Bankruptcy (13th Ed. p. 175), speaking of public auctions and private sales and referring to General Order XVIII says: "At the same time, in the face of the mandatory provisions of § 58-a (4), this rule will be cautiously applied, and only where the moving papers show clearly either a necessity for immediate sale or a fair and adequate offer." We regard the proceedings here as a sufficient compliance with this rule. There was just as complete and definite a record made of the proceedings and order therefor as was necessary under the circumstances. The facts satisfied the referee that a private sale was advisable; the trustee asked for such sale, and it was authorized. The purpose of the General Order No. XVIII was complied with; the creditors, fully advised, approved.

Order reversed.

CHASE, Circuit Judge (dissenting).

I agree that no previous formal order authorizing a private sale in strict compliance with General Order XVIII was absolutely essential, and that the order of confirmation would cure any irregularity on that score. But the fact remains that, because there was no order of authorization, all that was done up to the time of confirmation was informal. Consequently, offers to purchase made at any time previous to confirmation were to be treated as timely and considered. No dead line was drawn for the reception of offers, as might have been had a formal order authorizing the private sale been made and so provided. So, when the offer of the appellant was finally accepted and the sale to him confirmed, there was the other and better offer of Kuhn pending and in every way entitled to be considered on its merits. Only a matter of good business judgment was involved, and I think that required the acceptance of the better offer. The District Court was right in reversing the order of the referee, and the order from which this appeal was taken should be affirmed.