In the Matter of Thomas Lee ROUNTREE, Debtor.

PHENIX FEDERAL SAVINGS & LOAN ASSOCIATION, Plaintiff,

v.

Thomas Lee ROUNTREE and U.S. Department of Justice, United States Trustee, Northern District of Alabama, Defendants.

Bankruptcy No. 82–06210.
Adv. No. 82–1558.

United States Bankruptcy Court, N.D. Alabama, S.D.

Nov. 20, 1984.

**773**

Jack Rivers, U.S. Trustee for the Northern District of Alabama, Birmingham, Ala.

John P. Whittington, Birmingham, Ala., trustee.

Jan Eberhardt, Birmingham, Ala., for the trustee.

Douglas Key, Birmingham, Ala., for debtor.

Alexander M. Smith, Oneonta, Ala., for Phenix Federal.

George C. Batcheler and, Jack Purser, Jr., Asst. U.S. Attys. representing the U.S. Dept. of Justice and Farmers Home Administration, Birmingham, Ala.

## MEMORANDUM OPINION AND ORDER

STEPHEN B. COLEMAN, Bankruptcy Judge.

This controversy arises from a public sale conducted by the Trustee pursuant to the Order of this Court dated April 3, 1984. The subjects of the sale were two parcels of real estate belonging to the Debtor, Thomas Rountree. One parcel of real estate, denominated at the sale as Parcel # 1, consisted of five acres of land upon which is situated a house. Parcel # 1 was encumbered by two liens, namely a first mortgage securing an indebtedness of approximately $118,000 to Phenix Federal Savings and Loan Association, and a second mortgage securing an indebtedness of approximately $33,000 to Farmers Home Administration. The other parcel of real estate, denominated as Parcel # 2 at the sale, consisted of approximately one hundred and fifty-nine acres of land contiguous to Parcel # 1. Parcel # 2 was encumbered by three liens, namely, a first mortgage in favor of Federal Land Bank of New Orleans, which secured an indebtedness of approximately $61,000; a second mortgage securing the same indebtedness to Phenix Federal as that secured by Parcel # 1; and a third mortgage to Farmers Home securing the same indebtedness as that secured by Parcel # 1. The terms of the sale were that a first mortgagee would be allowed to bid up to the full amount of its mortgage debt, and, to the extent of the amount of such debt, would not be required to pay cash for the property, if successful. All other parties, including junior lienholders, would be required to pay cash in the full amount of their bid.

The Trustee proposed to offer Parcel # 1 first, Parcel # 2 second, and then to offer both parcels together as a package. Present at the sale were the representatives of all the lienholders described above. The sale transpired as follows: the Trustee first offered Parcel # 1, and received no bids. He then offered Parcel # 2, and received first a bid from Federal Land Bank in the amount of $61,335.66, and next a bid from Farmers Home in the amount of $65,-000. Farmers Home then increased its bid to $90,150, which bid was accepted. The Trustee then offered the combined parcels as one unit and receiving no bids next offered Parcel # 1 which was at that time purchased by Phenix Federal for $95,000.

■ Farmers Home has refused to pay to the Trustee the amount bid on Parcel # 2 and seeks to withdraw said bid on the grounds of mistake. As a basic premise, a purchaser at a judicial sale may obtain relief if at the time of the sale he was suffering from ignorance or mistake of any material fact through no fault attributable to him. *4B Collier On Bankruptcy*, § 70 at p. 1202 (14th Ed.1978). *Sturgiss v. Cor-*

*bin,* 141 F.1 (4th Cir.1905). "A Court of Bankruptcy has *summary power* over a delinquent purchaser ..." *4B Collier on Bankruptcy,* § 70 at 1202 n. 17 (14th Ed. 1978). *Frazier v. Ash,* 234 F.2d 320 (5th Cir.1956), cert. den. 352 U.S. 893, 77 S.Ct. 133, 1 L.Ed.2d 87. The representative of Farmers Home who made the bid has testified that his intent was to purchase Parcel # 2 only if some equity could be realized from a resale of the property that could be applied toward the extinguishment of the debt to Farmers Home. Phenix Federal was left, after the sale of Parcel # 1, with a balance owing on its indebtedness in the amount of approximately $23,000, with remainder secured by second lien on Parcel # 2. If, therefore, the value of Parcel # 2 as contended by Farmers Home is no more than the sum bid by them, then it is quite obvious that the Farmers Home representative substantially failed to accomplish his stated goal. Farmers Home contends, however, that this rather ridiculous result occurred solely because of its representative's belief, at the time of the sale, that: (1) Phenix Federal, having not bid on Parcel # 1 the first time it was offered, would not be allowed a second opportunity to bid on that parcel; (2) that since no bid was to be had on Parcel # 1, then Phenix Federal would be relegated to accepting Parcel # 1 in full satisfaction of its indebtedness; (3) therefore, Parcel # 2 would be free of any lien securing the indebtedness of Phenix Federal; and (4) consequently, all money paid for Parcel # 2 over and above the indebtedness to Federal Land Bank, less some costs of the sale, would be returned to Farmers Home. His purpose in increasing his bid was apparently to guard against his being out-bid by someone seeking to purchase the combined parcels, and, was based on his understanding of federal regulations that require Farmers Home to resale property purchased at a public sale for the amount bid in at such sale.

██ ██ No contention is made that the conclusions of the Farmers Home representative were logical, reasonable, or in any way justified under the circumstances. The contention is simply that they were mistak-

en and therefore this Court should allow withdrawal of the bid. A mistake upon which relief may be granted must be one shared by both parties to the transaction, that is, a mutual mistake. Relief may not be granted where the mistake is on the part of the bidder only and due to his inattention, willfullness, or carelessness. *Schaap & Sons Drug Co. v. Rone,* 19 F.2d 517 (8th Cir.1927); *In Matter of Conestoga Pub. Co.,* 32 J. of Nat'l Ass'n of Ref. 90 (Ref.E.D.Pa.1957). The mistake of the Farmers Home representative was his alone, and therefore was not a mutual mistake, nor was it induced by any fault of the Trustee conducting the sale. Furthermore, the "mistake" of the Farmers Home representative was not a mistake of fact, but was a misunderstanding of the legal consequences of his actions; that is, he was ignorant of the legal effect of the facts known to him. *Burns v. Hamilton's Administrator,* 33 Ala. 210 (1858). He was advised by the Court of the effect of the bid and given an opportunity to withdraw the bid. In fact, the sale was suspended to give him an opportunity to withdraw or amend his bid, which he elected not to do. On that ground, Farmers Home may not obtain relief from the imprudent actions of its representative.

Furthermore, a review of the events that occurred at the sale and the conversations that took place there indicate that the Court and the Trustee questioned the Farmers Home representative numerous times regarding the wisdom of his raising his own bid and gave him ample opportunity to return to his previous lower bid. Furthermore, the Trustee clearly pointed out to him that his raised bid was based on the mistaken assumption that Phenix Federal's entire indebtedness would somehow be satisfied by the sale of Parcel # 1. The Farmers Home representative was by all accounts dealt with fairly and patiently and may not now, therefore, complain that his misunderstanding was anyone's fault but his own.

Based on the foregoing, the sale of Parcel # 2 to the Farmers Home Administra-

tion is CONFIRMED and Farmers Home Administration is hereby ORDERED to comply with the bid made by its representative in the amount of $90,150 by paying said sum to the Trustee herein within twenty (20) days of this Order. Failing compliance by Farmers Home Administration within the time provided, the Trustee is directed to resell the property which comprised Parcel # 2 at the first public sale. Any deficiency between the amount for which the property sells and the amount bid by Farmers Home Administration plus the costs of the sale and the costs of the previous sale of Parcel # 2 will be charged against Farmers Home Administration. *4B Collier on Bankruptcy*, p. 1202, n. 17 and 18.